UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

MARYANN SANTIAGO,

                 Plaintiff,        REPORT AND
                                        RECOMMENDATION
   - against -
                                        CV 10-3373 (ILG) (MDG)
COCO NAIL HB, INC., a New York
corporation d/b/a COCO NAIL, et ano,

                 Defendants.

- - - - - - - - - - - - - - - - - - X

TO: THE HONORABLE I. LEO GLASSER:

    Plaintiff Maryann Santiago brought this action alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. against defendant Coco Nail HB, Inc. ("Coco Nail") and The Best 18 LLC. After Coco Nail failed to appear, the Clerk of the Court entered default judgment against this defendant on December 9, 2010. The Honorable I. Leo Glasser later signed plaintiff's proposed order, which was filed as a motion to correct the entry of default (ct. doc. 8) without any supporting documents, and ordered that Ms. Santiago and her attorney, B. Bradley Weitz, Esq., recover costs, attorneys' fees and interest. Ct. doc. 9. Mr. Weitz subsequently filed a motion for attorneys' fees (ct. doc. 11) which Judge Glasser referred to me to report and recommend. Ct. doc. 14. After this Court directed plaintiff's counsel to supplement his submission with further information to justify the fees sought (ct. doc. 16), Mr. Weitz eventually supplemented his

original motion for attorneys' fees with submissions filed as a further "motion" on September 23, 2011.  Ct. doc. 21.

There have been no further submissions filed or received by this Court.  However, prior to filing the additional submissions, plaintiff entered into an agreement to settle the claims against defendant The Best 18, LLC, which Judge Glasser "so ordered" and filed on July 26, 2011.  Ct. doc. 18.

FACTUAL BACKGROUND

The following allegations in the complaint are undisputed. Plaintiff suffers from a "qualified disability" under the ADA and uses a wheelchair for mobility.  Complaint ("Comp.") (ct. doc. 1) at ¶ 4.  Upon plaintiff's visit to Coco Nail located at 7215 18th Avenue, Brooklyn, New York, plaintiff had difficulty accessing the store because of various architectural barriers, including an inaccessible entrance, main counter and cash register.  Id. at ¶¶ 4, 16.  Plaintiff alleges that defendant Coco Nail HB, Inc. is the owner of Coco Nail.  Id. at ¶ 5.  Plaintiff further alleges that defendant has discriminated and continues to discriminate against plaintiff by denying full and equal access to the services, facilities and/or accommodations at defendant's property and by failing to remove architectural barriers where such removal is readily achievable.

DISCUSSION

I.   Liability

A default constitutes an admission of all well-pleaded facts in the complaint, except for those relating to damages. Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992).  A default also effectively constitutes an admission that damages were proximately caused by the defaulting party's conduct.  Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 69-70 (2d Cir. 1981).  The plaintiff needs only to prove "that the compensation sought relate to the damages that naturally flow from the injuries pleaded." Greyhound, 973 F.2d at 159.

Although Judge Glasser's order that plaintiff be awarded attorneys' fees and costs suggests that he has considered defendant's liability, I briefly address whether plaintiff has established liability as a matter of law, in light of the recommendation of the Second Circuit that liability should be considered prior to entering default judgment.  City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011). Plaintiff alleges that she suffers from a "qualified disability" and "uses a wheelchair for mobility."  Comp. at ¶ 4.  She alleges that Coco Nail operates a facility that is a public accommodation and she has been unable to access the premises because, inter alia, there is no ramp up the front entrance step.  Id. at ¶¶ 14, 16.  She also alleges that she has been informed that the facilities at issue had "begun operations and/or undergone

substantial remodeling, repairs and/or alterations since January 26, 1990. Id. at ¶ 12. While sparse, these allegations are sufficient to establish liability under the ADA, given the relatively low burden imposed on plaintiffs to prove that a "reasonable accommodation" is available to make a facility accessible. Roberts v. Royal Atlantic Corp., 542 F.3d 363, 370-71 (2d Cir. 2008) (discussing burden shifting frame work with the risk of nonpersuasion falling on the defendant).

II. Attorneys' Fees and Costs

The ADA permits a court to award attorneys' fees to a prevailing party. See 42 U.S.C. § 12205.

The standard method for determining the amount of reasonable attorneys' fees is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," or a "presumptively reasonable fee." Hensley v. Eckerhart, 461 U.S. 424, 433, 1940 (1983); Arbor Hill Concerned Citizens Neighborhood Ass'n, 522 F.3d 182, 188-90 (2d Cir. 2008); Chambless v. Masters, Mates & Pilots Pension Plan, 885 F.2d 1053, 1058-59 (2d Cir. 1989); see also Perdue v. Kenny A., 130 S.Ct. 1662, 1672-73 (2010) (discussing lodestar methodology in determining attorneys' fees to be awarded to prevailing party). In reviewing a fee application, the district court must examine the particular hours expended by counsel with a view to the value of the work product of the specific expenditures to the client's case. See Lunday v. City of Albany, 42 F.3d 131, 133 (2d Cir. 1994); DiFilippo v.

Morizio, 759 F.2d 231, 235 (2d Cir. 1985). If any expenditure of time was unreasonable, the court should exclude these hours from the calculation. See Hensley, 461 U.S. at 434; Lunday, 42 F.3d at 133. The court should thus exclude "excessive, redundant or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims." Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999). A party seeking attorneys' fees bears the burden of supporting its claim of hours expended by accurate, detailed and contemporaneous time records. New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147-48 (2d Cir. 1983). "If such records are inadequate the Court may reduce the award accordingly." Vernon v. Port Authority of New York and New Jersey, 220 F. Supp. 2d 223, 229 (S.D.N.Y. 2002).

A reasonable hourly rate is "the rate a paying client would be willing to pay," "bear[ing] in mind that a reasonable paying client wishes to spend the minimum necessary to litigate the case effectively." Arbor Hill, 522 F.3d at 190; see Perdue, 130 S.Ct. at 1672. The reasonable hourly rates should be based on "rates prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation." Cruz v. Local Union No. 3 of IBEW, 34 F.3d 1148, 1159 (2d Cir. 1994) (citing Blum v. Stenson, 465 U.S. 886, 894 (1984)); see Perdue, 130 S.Ct. at 1672. Determination of the prevailing market rates may be based on evidence presented or a judge's own knowledge of

hourly rates charged in the community.  <u>Farbotko v. Clinton Cty. of N.Y.</u>, 433 F.3d 204, 209 (2d Cir. 2005); <u>Chambless</u>, 885 F.2d at 1059.  The "community" is generally considered the district where the district court sits.  See <u>Lochren v. Cty. of Suffolk</u>, 344 Fed. Appx. 706, 708 (2d Cir. 2009); <u>Arbor Hill</u>, 522 F.3d at 190.

Plaintiff seeks $16,065.00 in attorneys' fees.  Plaintiff's counsel, Mr. Weitz, states that he is entitled to an hourly rate of $425 for his work on this matter.  The "starting point for determination of a reasonable [hourly rate]" is based on "the fees that would be charged for similar work by attorneys of like skill in the area."  <u>Cohen v. W. Haven Bd. of Police Comm'rs</u>, 638 F.2d 496, 506 (2d Cir. 1980).  To that end, the court receives guidance from (1) rates awarded in prior cases; (2) the court's own knowledge of prevailing rates in the district; and (3) evidence submitted by the parties.  See <u>Farbotko</u>, 433 F.3d at 209 (citations omitted).

Despite having been ordered by this Court to submit "an affidavit describing the experience of the attorney for whom fees are sought" (ct. doc. 16), Mr. Weitz did not submit an affidavit describing in detail his legal background or experience.  Instead, he states in his memorandum of law only that he "has a significant amount of experience regarding disability law and the ADA, having been counsel on numerous similar type cases."  Ct. doc. 21 at 7.  Although Mr. Weitz's firm's website indicates that he founded the firm in 2002, there is no information as to when

he graduated from law school.  See http://www.weitzfirm.com.  In
addition, Mr. Weitz has submitted affidavits from two attorneys
admitted in this district stating that $425 per hour is within
the prevailing market rate in this community for similar services
by lawyers of comparable experience.  See ct. docs. 11-3, 21-3.
Based on a search of this Court's docket, one of those attorneys,
Adam Shore, has appeared as co-counsel with Mr. Weitz in 8 cases
brought in this Court under the ADA.  Given their relationship,
his opinion as to Mr. Weitz's hourly rate or the time spent on
this case is not persuasive.  The other attorney who submitted an
affidavit on Mr. Weitz's behalf, Peter Paretsky, does not
indicate that he has any experience in ADA cases nor does he
provide any basis to show that he is qualified to assess a
reasonable hourly rate or the number of hours reasonably expended
on this type of case.  In fact, although Mr. Paretsky states that
he is admitted in this district and the Southern District of New
York, according to the court's respective dockets he is not
listed as the attorney of record in any action filed in the
either district.

   The rate of $425 sought by plaintiff for Mr. Weitz's work is
above the general range of rates received by attorneys in this
district.  Without any specific information about Mr. Weitz's
background and experience, I cannot conclude that he is entitled
to the upper limit of that range.  As a preliminary matter,
courts have found that the prevailing hourly rates for law firm

partners in this district are between $300 and $400.  See

Concrete Flotation Sys., Inc. v. Tadco Construction Corp., No.

07-CV-319, 2010 WL 2539771, at *4 (E.D.N.Y. March 15, 2010)

(collecting cases); Todaro v. Siegel Fenchel & Peddy P.C., 697 F.

Supp. 2d 395, 399-400 (E.D.N.Y. 2010) (awarding $400 per hour for

a partner with seventeen years of experience); Luca v. County of

Nassau, 698 F. Supp. 2d 296, 301-02 (E.D.N.Y. 2010); Gutman v.

Klein, No. 03 Civ. 1570, 2009 WL 3296072, at *2 (E.D.N.Y. Oct.

13, 2009); Whitney v. JetBlue Airways Corp., No. 07-CV-1397, 2009

WL 4929274, at *7 (E.D.N.Y. Dec. 21, 2009); see also Cho v. Koam

Med. Servs. P.C., 524 F. Supp. 2d 202, 207 (E.D.N.Y. 2007)

(observing in FLSA case that "[o]verall, hourly rates for

attorneys approved in recent Eastern District of New York cases

have ranged from $200 to $350 for partners, $200 to $250 for

senior associates, $100 to $150 for junior associates, and $70 to

$80 for legal assistants") (citations omitted).

 Also, "the nature of representation and type of work

involved in a case are critical ingredients in determining the

'reasonable' hourly rate."  Arbor Hill, 522 F.3d at 184 n.2

(citations omitted).  The nature of the work performed in this

matter was relatively straightforward, particularly since the

defendant defaulted and no novel or complex issues are raised in

the complaint.

 The Second Circuit in Simmons v. N.Y. City Transit Auth.,

575 F.3d 170 (2d Cir. 2009) clearly requires that the court

"apply a presumption in favor of application" of the prevailing rate within the district. 575 F.3d at 175. In consideration of the lack of information provided about Mr. Wietz's background and experience and the lack of sophistication of the work being done, this Court finds it appropriate to award attorneys' fees at the rate of $275 per hour for Mr. Weitz. See Hirsch v. Sweet N Sour Corp., 2011 WL 3741008, at *4 (S.D.N.Y. 2011) (reducing Mr. Weitz's hourly rate to $250 per hour). Notably, in Sweet N Sour, Magistrate Judge James Cott criticized Mr. Weitz for essentially the same deficiencies discussed herein. Mr. Weitz made the same general allegation regarding his "significant amount of experience" and relied on an affirmation by another attorney to opine on reasonable hourly rates, without providing any meaningful information regarding that attorney's expertise. Id.

Plaintiff seeks fees for 37.8 hours of work performed by Mr. Weitz. After reviewing Mr. Weitz's billing records, some of counsel's billing entries are clearly attributable solely to defendant The Best 18 LLC rather than the defaulting defendant. For example, plaintiff's counsel billed 1.5 hours for the initial conference which was held after Judge Glasser granted plaintiff's motion for default judgment against Coco Nail and .5 hours for reviewing that defendant The Best 18 LLC's answer. Additionally, conferences between counsel and either the plaintiff or the plaintiff's expert held after Coco Nails defaulted cannot reasonably be attributed to Coco Nail given the description and

nature of the work claimed.  Therefore, I recommend denying plaintiff's request for the 8 hours of work reflected in counsel's billing entries for 12/6/10 ("Reviewed Defendant's Answer"); 12/7/10 ("Reviewed Order Governing Initial Conference"); 12/2010 ("Conferral with Plaintiff's Expert"); 12/2010, 1/2011, 2/2011 and 3/2011 ("Various conversations with client regarding  matter"); 1/6/11 ("Initial Conference Hearing"); and 2/1/11 ("Reviewed Defendants Disclosures").

I further recommend that the defaulting defendant be found liable for only half of the fees incurred for maintaining the action against both defendants prior to Coco Nail's default.  <u>See</u> <u>Sweet N Sour</u>, 2011 WL 3741008, at *5; <u>Karakis v. Argentinian</u> <u>Grill, LLC</u>, 2010 WL 298599, at *2-*3 (S.D. Fla. 2010).  "Holding defaulting defendants liable for the entirety of the fees incurred in a litigation, or a disproportionate amount of fees, would permit some defendants to settle their case at a discount while requiring the defaulting defendants to subsidize the difference."  <u>Harvey v. Home Savers Consulting Corp.</u>, 2011 WL 4377839, at *7 (E.D.N.Y. 2011).  Futhermore, plaintiff may have already received some amount for attorneys' fees from the settling defendant which should have been disclosed in the attorneys' fee application and off-set against the amount sought here.  In fact, the "Joint Stipulation of Dismissal" regarding the claims against The Best 18 LLC states that the "parties shall bear their own attorneys fees, costs and expenses other than

those specified in said Confidential Settlement Agreement, and agree not to file any additional motions in this matter." Ct. doc. 18. Absent full disclosure by Mr. Weitz and in light of the language of the stipulation, it is appropriate to infer that some fees were paid by The Best 18 LLC as part of its settlement with plaintiff.

More generally, the time counsel billed for this case is excessive. Mr. Weitz claimed time spent on conferences with his client amounting to 11.2 hours, approximately 30% of the time spent on the entire litigation. These entries relating to client conferences are vague in description and do not include an exact date that the conferences took place. I recommend reducing those entries relating to client conferences by 50%. See Sweet N Sour, 2011 WL 3741008, at *6 (reducing all the time billed by Mr. Weitz by 25% because of vague entries for conferences with client).

The time spent on pre-suit preparation and research, drafting the complaint and drafting the motions for default and attorneys' fees is also excessive. The complaint and the motion papers are virtually identical to those submitted by Mr. Weitz in numerous other cases in this district and the Southern District.[1] Yet, counsel billed 10.1 hours for time spent up through drafting

---

[1] Since 2010, Mr. Weitz has filed in this district 12 actions on behalf of Zoltan Hirsch, 9 actions on behalf of Maryann Santiago and 8 actions on behalf Mike Costello. In the Southern District of New York, since 2009, Mr. Weitz filed 151 actions, 125 of which were filed on behalf of Zoltan Hirsch and 14 of which were filed on behalf of Todd Kreisler.

of the complaint, 4.7 hours for drafting and filing the default motion and 5.6 hours for drafting the motion for attorneys' fees. In fact, counsel billed 1.5 hours for the preparation and review of his supplemental submission on attorneys' fees even though his supplemental submission is almost identical to his original submission. Compare ct. docs. 11 with 21. There is no reasonable explanation for the amount of time billed to these tasks. Thus, I recommend reducing these time entries by 75%. See Sweet N Sour, 2011 WL 3741008, at *6 (reducing all time entries billed by Mr. Weitz by 75%); Days Inn Worldwide, Inc. v. Amar Hotels, Inc., 2008 WL 2485407, at *10 (S.D.N.Y. 2008) (reducing requested fees by 75% because of excessive time spent on obtaining default judgment); Skaff v. Le Meridien, 2008 WL 4346792, at *11 (C.D. Cal. 2008 (reducing fees for time spent working on fee application by 75%).

Finally, plaintiff's counsel billed for clerical tasks that are not compensable at regular attorney rates. See Destefano v. Astrue, 2008 WL 623197, at *3 (E.D.N.Y. 2008); Nicholson v. Williams, 2004 WL 4780498, at *19 (E.D.N.Y. 2004). For those entries, I recommend awarding plaintiff fees at the rate of $75 per hour. See entries dated 7/22/10 ("Filed Civil Cover Sheet, Summons and Complaint with Court"); 8/23/10 ("Reviewed and filed Affidavits of Service"); 11/16/10 ("Reviewed Scheduling Order, mailed courtesy copies to Defendants").

Accordingly, I recommend that the Court reduce plaintiff's

request for attorneys' fees from $16,065.00 and award plaintiff $1,706.75 in fees against defendant Coco Nail HB, Inc.

Plaintiff seeks an award of $3,762.00 in costs, including $2,500 as an expert fee, $500 for plaintiff's compensatory damages and $300 for an expert attorney fee. See ct. doc. 21-2 at 2. Under the ADA, a court may in its discretion award litigation expenses and costs, including an expert witness fee. See 42 U.S.C. § 12205; see Disabled Patriots of Am., Inc. v. Niagra Group Hotels, LLC, 688 F. Supp. 2d 216, 227 (W.D.N.Y. 2010); Spalluto v. Trump Int'l Hotel & Tower, 2008 WL 4525372, at *17 (S.D.N.Y. 2008).

Here, however, plaintiff has not submitted any information as to the identity of the expert, the work conducted by its expert (beyond describing it as an expert pre-suit inspection), whether the expert billed on an hourly basis or any invoice or proof that plaintiff incurred the expense at all. See Sweet N Sour, 2011 WL 3741008, at *7-*8 (denying request for expert fee absent any documentation); Spalluto, 2008 WL 4525372, at *17 (reducing expert fees due to vagueness of itemized descriptions of expert's work); Access 4 All, Inc. v. Hi 57 Hotel, LLC, 2006 WL 196969, at *4 (S.D.N.Y. 2006) (same). Nevertheless, the Court has recommended awarding plaintiff attorneys' fees for the time counsel spent conferring with plaintiff's expert. See Sweet N Sour, 2011 WL 3741008 at *7. Due to the total lack of information on which to assess the reasonableness of the expert

fee requested, I recommend denying the request for such fees. See id. *8.

Included within counsel's list of expenses is a $500 line-item for plaintiff's compensatory damages. Setting aside whether a plaintiff's compensatory damages can be properly categorized as an expense of counsel, the court must ensure that there is a reasonable basis for the damages specified in a default judgment. However, plaintiff has not submitted an affidavit or any other evidence of her damages. There is no information in the complaint as to when she visited the defendant's establishment or how often. I note that within one week of filing the complaint in this case, plaintiff Maryann Santiago filed four other complaints in this district against various businesses for ADA violations. I recommend against awarding plaintiff compensatory damages absent any basis for determining a reasonable amount.

Plaintiff requests reimbursement of $300.00 for the expert affidavit of attorney Peter Paretsky. As discussed above, Mr. Paretsky submitted an affidavit attesting to the reasonableness of Mr. Weitz's hourly rate and the number of hours counsel spent litigating this case. However, Mr. Paretsky's affidavit was not useful since it contained no information as to the bases for Mr. Paretsky's opinion. Moreover, the affidavit submitted by Mr. Paretsky is virtually identical, word-for-word, to the affidavit of attorney Adam Shore which Mr. Weitz submitted in fee applications filed in other cases. Compare ct. docs. 11-3 and

21-3; see also Sweet N Sour, 2011 WL 3741008, at *9 (noting that affirmation submitted by Adam Shore was nearly identical to the affirmation submitted by Peter Paretsky in another case filed in the same district). Therefore, I recommend denying plaintiff's request for $300 for an expert attorney fee.

Plaintiffs other requests for fees for the court's filing fee, Federal Express and service of process of $462.00 are reasonable and recoverable.[2] See LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998); United States Football League v. National Football League, 887 F.2d 408 (2d Cir. 1989). Thus, I recommend that these costs be granted.

Last, I am constrained to note that plaintiff's counsel should have been aware of the deficiencies in his application discussed herein since they were also identified by Magistrate Judge Cott in his report and recommendation issued in Sweet N Sour, almost one month before counsel submitted his supplemental motion for attorneys' fees in this action. Counsel's submissions here were nearly identical to the motion papers he filed in Sweet N Sour where Judge Cott significantly reduced the fees requested. For example, Judge Cott listed what he called "a myriad of incorrect and inconsistent case citations" appearing on pages 7 through 8 of plaintiff's counsel's submissions, including an incorrect case name. See 2011 WL 3741008, at *7 & n.7. Yet, the

---

[2] The amount requested for process server fees decreased by $100 between plaintiff's original submission (ct. doc. 11) and plaintiff's supplemental submission (ct. doc. 21-2).

-15-

same faulty citations appear on the same page number of plaintiff's motion papers filed in this case. See ct. doc. 21 at 7-8. Plaintiff's counsel did not correct the problems identified by Judge Cott; rather, he submitted the same boilerplate motion papers here despite being given an opportunity to supplement his original filings. In addition, after Mr. Weitz filed his first set of papers regarding attorneys' fees, the Court issued an order directing that plaintiff's submission "must include an affidavit describing the experience of the attorney for whom fees are sought" and that plaintiff must "provide support for its allocation of attorneys' fees among the defendants." See ct. doc. 16. Instead, Mr. Weitz filed submissions nearly identical to his first set of papers and billed an additional 1.5 hours for the time spent.

Notwithstanding the concerns raised herein and the fact that Mr. Weitz has so perfunctorily prepared papers which he filed in a myriad of other cases, he is entitled under applicable law to recover fees, costs and expenses. Ms. Santiago and other plaintiffs Mr. Weitz has represented may very well have legitimate claims and honest intentions to protect the rights of the disabled. However, this Court cannot help but note that many of the defendant businesses that have been sued appear to be fairly small concerns who may have difficulty financially litigating such claims. Their default cannot be excused, but this Court can insure that any default judgment awarded be

reasonable and in accordance with applicable law.  Thus, as discussed, this Court's determinations of the reasonableness of the amounts claimed for fees and costs are informed by the manner in which plaintiff has proceeded in this and other litigations.

CONCLUSION

For the foregoing reasons, I respectfully recommend that plaintiff Maryann Santiago be awarded $1,706.75 in fees and $462 in costs for a total judgment of $2,168.75.

This report and recommendation will be electronically filed and a copy sent by mail to the defendant at its last known address on this date.  Any objections to this report and recommendation must be electronically filed, with a courtesy copy sent to Judge Glasser and the undersigned, by April 2, 2012. Failure to file objections within the specified time waives the right to appeal.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**SO ORDERED.**

Dated:    Brooklyn, New York
          March 16, 2012

 /s/
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE
